Judgment in accordance with the conclusions herein expressed.

EAST RIDGELAWN CEMETERY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WALTER G. WINNE AND TOBY FURST, SUBSTITUTED TRUSTEES, ETC., DEFENDANTS-RESPONDENTS, AND ADAM FRANK AS EXECUTOR, ETC., H. JEROME SISSELMAN, ET ALS., CERTIFICATE HOLDERS, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS, AND STATE OF NEW JERSEY AND VIVIAN D. BELL, ET AL. AND MABEL L. SMITH, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 24, 1952—Decided May 14, 1952.

414

Before Judges McGeehan, Jayne and Goldmann.

*Mr. Robert Carey, Jr.,* argued the cause for plaintiff-appellant, East Ridgelawn Cemetery (*Messrs. Carey, Pfoor, Knoeppel & Ziff,* attorneys; *Mr. Robert Carey* and *Mr. Herbert Ziff,* of counsel).

*Mr. Theodore D. Parsons,* Attorney-General of the State of New Jersey, argued the cause for the State of New Jersey, defendant-appellant.

*Mr. William L. Rae* argued the cause for Vivian D. Bell, *et als.,* and Mabel L. Smith, defendants-appellants.

*Mr. Samuel Kaufman* argued the cause for Adam Frank as executor, etc., and H. Jerome Sisselman, *et als.,* defendants-respondents and cross-appellants (*Messrs. Bilder, Bilder & Kaufman,* attorneys for Adam Frank as executor, etc., *Mr. Sanford Freedman* and *Mr. John M. Kaufman,* on the brief; *Kessler & Kessler,* attorneys for H. Jerome Sisselman, defendant-respondent and cross-appellant, *Mr. Samuel I. Kessler,* of counsel).

*Mr. Isadore Glauberman* argued the cause for Walter G. Winne and Toby Furst, substituted trustees, etc., defendants-respondents.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D. East Ridgelawn Cemetery, a rural cemetery association, instituted this suit in 1947. Among the prayers for relief was a prayer that "the nature and extent of any obligation of the complainant as a result of the conveyance to it of its cemetery lands may be ascertained and determined; and that it may be ascertained and determined whether any claim or claims arising from such obligation have been barred by laches and the operation of the statute of limitations applicable to such claim or claims."

The lands in question, consisting of approximately 121 acres, were conveyed to East Ridgelawn Cemetery on January 3, 1907, by the Passaic Trust & Safe Deposit Company, the trustee for holders of certificates of interest in East Ridgelawn Cemetery. Payment for the lands was to be made as follows: East Ridgelawn Cemetery was to issue 13,500 certificates of shares to the trustee and from the proceeds of sale of each cemetery lot East Ridgelawn was to deduct not less than six cents per square foot for a perpetual care fund and then pay to the trustee one-half of the balance, to be used by the trustee as a dividend fund for the certificate holders; of the 13,500 shares, East Ridgelawn was to receive 2,000 shares and use the proceeds of the sale thereof solely for improvements to the cemetery. The 13,500 shares were issued and 2,000 thereof were turned over to East Ridgelawn without the payment of any consideration. Later, the promoters donated 500 shares to East Ridgelawn. The payments, which were to be made to the trustee from the proceeds of the sales of lots, were not made.

In 1944, Walter G. Winne and Toby Furst were appointed by the United States District Court for the District of New Jersey as substituted trustees for the certificate holders, in place of the Passaic National Bank & Trust Company (the

successor to Passaic Trust & Safe Deposit Company, the original trustee).

The basic factual background is set forth in the opinion filed by the trial judge in this case and reported in 11 *N. J. Super.* 555 (*Ch. Div.* 1951).

The part of the judgment, entered in the Chancery Division of the Superior Court, which is involved in the present appeals and cross appeals, provides:

"ADJUDGED that the plaintiff, East Ridgelawn Cemetery, received a conveyance on the 3rd day of January, 1907, of the lands more particularly described in the complaint on file herein, without paying therefor the fair value of the land as land to be used for cemetery purposes, and it is further

ADJUDGED that the formula for computing the fair value of the lands conveyed as aforesaid, is the equity in the lands plus a reasonable allowance for the services of the promoter and their value to the cemetery, and it is further

ADJUDGED that the reasonable allowance for the services of the promoters who created the cemetery project is the sum of $65,130, and it is further

ADJUDGED that the fair value of the land described in the complaint for cemetery purposes is the sum of $73,380 plus the aforesaid sum of $65,130, making a total of $138,510, payable by the plaintiff to Walter G. Winne and Toby Furst, substituted trustees for the benefit of the certificate holders, and it further

ADJUDGED that there is payable by the plaintiff to the said substituted trustees for the benefit of the certificate holders, the sum of $41,005, being the amount realized by the plaintiff cemetery association from the sale of the land purchase shares delivered to the plaintiff by the promoters of the said cemetery together with the further sum of $9500.00 being the proceeds of the sale of certificates or land purchase shares delivered to the plaintiff by the promoters of the cemetery to avert receivership proceedings by a creditor of the plaintiff, making a total of $50,505 realized by the cemetery from the proceeds of sales of certificates or land purchase shares, making a gross sum due from the plaintiff to the said substituted trustees for the benefit of certificate holders the sum of $189,015, and it is further

ADJUDGED that the cemetery is entitled to the following credits:

(a) the sum of $16,691.98 heretofore paid to the trustees for certificate holders for the benefit of certificate holders

(b) the sum of $5,077.43, being the adjusted amount due under the agreement whereby the plaintiff assumed the payment of certain mortgages and interest in consideration of the promoters releasing the plaintiff from its obligation to pay said promoters moneys advanced for the benefit of the cemetery making the net liability of the plaintiff in the sum of $167,245.59 which amount is payable to Walter Winne

and Toby Furst, as substituted trustees for the benefit of the certificate holders, and it is further

ADJUDGED, that the said judgment of $167,245.59 with simple interest at the rate of 3% per annum from January 3, 1907, the date of conveyance of the land to the cemetery to date, shall be paid to the said Walter Winne and Toby Furst, as substituted trustees for the benefit of the certificate holders * * *."

It is conceded that Adam Frank and his associates purchased the lands in question for $73,380, took title in the name of a dummy, caused the dummy to convey the title to Passaic Trust & Safe Deposit Company and the latter to convey to East Ridgelawn. No question is raised about the credits of $16,691.98 and $5,077.43 allowed to East Ridgelawn, or about the differences between the charges and credits contained in the judgment and those contained in the opinion filed by the trial judge.

East Ridgelawn argues (1) that the court erred in holding that it was indebted for the lands conveyed to it, and (2) that if it ever was indebted, the doctrine of laches and the statute of limitations bar any claim.

As early as 1910, in *East Ridgelawn Cemetery Co. v. Frank*, 77 *N. J. Eq.* 36 (*Ch.* 1910), Vice-Chancellor Stevens intimated that the provision for payment for the lands by way of the dividend fund was illegal. Thereafter, two validating acts were passed: *L.* 1911, *c.* 299 and *L.* 1913, *c.* 272. At least until 1935, the parties apparently assumed that these acts overcame the effect of the last-mentioned decision. In 1933, in a suit by the trustee against East Ridgelawn, judgment was entered directing East Ridgelawn to pay $205,-973.63 to the trustee for the account of the dividend fund, representing the share of the dividend fund in the proceeds of the sale of cemetery lots prior to January 1, 1933. In 1945, the substituted trustees for the holders of certificates brought suit to enforce the judgment entered in 1933. In 1946 our Court of Errors & Appeals, in *Passaic Nat. Bank, &c., Co. v. E. Ridgelawn Cemetery*, 137 *N. J. Eq.* 603 (*E. & A.* 1946) held that "The challenged provision for a dividend

fund contravenes the essential policy of the statute, and is therefore void. * * * and public policy forbids its enforcement." The present suit was instituted by East Ridgelawn after this last-mentioned pronouncement of our Court of Errors & Appeals.

East Ridgelawn admits that it received at least $41,005 from the sale of certificates of shares issued pursuant to the method of payment contained in the deed, without giving any consideration therefor, and that it has paid to date only $16,691.98 to the trustee for the benefit of the certificate holders. The trial court properly held that East Ridgelawn never paid for the lands conveyed to it by the trustee and it must do so. In *Attorney-General v. Linden Cemetery Ass'n.,* 85 *N. J. Eq.* 501 (*E. & A.* 1916), the provisions for payment for the lands, contained in the deed to the cemetery association, were held invalid and the cemetery association argued it should therefore be permitted to keep the lands without paying for them. Our Court of Errors & Appeals said:

"Of such deed an essential feature was the payment of a part of the consideration in a particular way, and if that way is obnoxious to the statute law, some other way must be found by which the contract of the parties as expressed in the deed shall as nearly as possible be carried out. Any objection by the complainant to this course is met by the most fundamental of all the maxims 'He who seeks equity must do equity.'"

As to the claim that either laches or the statute of limitations, or both, bar any claim for payment of the lands, it might very well be disregarded because no argument in support thereof is set forth under this point in the brief. However, it is obvious that the claim is without merit. From the time of the original conveyance, East Ridgelawn has resisted all attempts to make it pay for the lands. Because of this resistance, it has been involved in protracted litigation since 1910, including a number of suits not mentioned above. It was not until the present suit was instituted that such a claim was ever advanced.

Although East Ridgelawn and H. Jerome Sisselman, a certificate holder, had notice of the proceedings in the federal court in which the substituted trustees were appointed, they both attack the judgment insofar as it directs payment of the amount fixed to be made to Walter G. Winne and Toby Furst, substituted trustees for the certificate holders. Aside from the fact that no such question was raised in the pleadings or at the trial, there is no merit in any arguments advanced in support thereof. At the oral argument, the Attorney-General specifically disavowed any desire to raise any such question.

Under the payment plan provided in the deed, 13,500 land purchase shares were issued and East Ridgelawn received from the promoters 2,500 of these shares without paying any consideration therefor. Since the payment plan cannot be enforced, East Ridgelawn must pay to the substituted trustees the $50,505 it realized from the sale of such shares. *Bliss v. Linden Cemetery Ass'n.,* 83 *N. J. Eq.* 494 (*Ch.* 1914), modified on other grounds *sub nom. Attorney-General v. Linden Cemetery Ass'n.,* 85 *N. J. Eq.* 501 (*E. & A.* 1916).

The judgment charged East Ridgelawn with $73,380 as the fair value of the lands as lands to be used for cemetery purposes. Since the payment plan provided in the deed cannot be carried out, East Ridgelawn must pay the fair value of the lands for cemetery purposes as of January 3, 1907, the date of the conveyance; and this value is not to be measured by the value of the lands as farm lands, or by such value plus expenditures, but is to be measured by the value, at the time, of the lands to the cemetery association holding the exclusive cemetery franchise. *Burke v. Gunther,* 133 *N. J. Eq.* 609 (*E. & A.* 1943); *Fidelity Union Trust Co. v. Union Cemetery Ass'n.,* 104 *N. J. Eq.* 326 (*Ch.* 1929). All the parties agree that as of January 3, 1907, the fair value of the lands as farm lands was $73,380. Since the amount fixed in the judgment as the value of the lands for cemetery purposes is no more than the conceded value as farm lands, it fails to include the added value to the ceme-

tery arising out of the unique value given to such lands when dedicated to the burial of the dead under an exclusive cemetery franchise, and cannot be sustained. *Fidelity Union Trust Co. v. Union Cemetery Ass'n.*, above.

■ The judgment also requires East Ridgelawn to pay to the substituted trustees the sum of $65,130 for the services of the promoters. This was error. The substituted trustees are entitled only to payment for the fair value of the lands for cemetery purposes as of January 3, 1907, and of the amount realized by East Ridgelawn from the sale of the donated shares. If East Ridgelawn has any obligation to pay for the services of the promoters as such, the payment is due to such promoters and is not due or payable to the substituted trustees. In the payment plan provided in the deed, there was neither a provision for the payment for services of any promoters nor any provision for the payment of any promoters' profit, and until this suit was instituted no one ever claimed that East Ridgelawn incurred any liability for such services. The certificate holders rely on cases such as *Attorney-General v. Linden Cemetery Ass'n.*, above. But in the last-mentioned case, the illegal payment plan in the deed contained not only a provision for payment of at least one-half of the proceeds from the sale of burial lots, but also a specific provision for an additional payment for the promoters' services.

■ The judgment allowed 3 per cent interest from January 3, 1907, on the amount found due. In the absence of a controlling precedent, when a court of equity determines that one party is chargeable with a fixed amount as of a prior date, the court is free to determine whether interest should be allowed in addition to the principal sum, and if so the rate thereof according to the plainest and simplest considerations of justice and fair dealing in the given case. *Stout v. Sutphen,* 132 *N. J. Eq.* 583 (*Ch.* 1943). Both East Ridgelawn and the certificate holders agree that the applicable test here in determining whether interest should be paid, and if so the rate thereof, is what is fair in right

and justice under the circumstances, but East Ridgelawn argues that under the circumstances the court erred in allowing any interest, while the certificate holders argue that the court erred in not allowing 6 per cent interest for the period. We agree with the trial court that, in view of all the circumstances, East Ridgelawn should be charged with interest on the amount found due, and also agree with the trial court's conclusion that 3 per cent simple interest for the period is fair and just.

█ The certificate holders argue that the trial court did determine that the value of the land for cemetery purposes, as of 1907, was $651,300. This argument is based on an excerpt from the trial judge's opinion, in which he stated: "One of defendants' experts fixed the value of the land for cemetery purposes, in 1907, at the sum of $660,000. Another placed the figure at $651,300. If we consider the latter sum as representing the value of the land for cemetery purposes, then 10 per cent of that amount, or $65,130, would be a reasonable allowance for the services of the promoter." However, the judgment provides: "Adjudged that the fair value of the land described in the complaint for cemetery purposes is the sum of $73,380 plus the aforesaid sum of $65,130, making a total of $138,510." The trial court apparently concluded that a value of $651,300 was not justified by the evidence, and we agree.

The charge of $73,380, the charge of $65,130, and the overall charge of $167,245.59 are reversed, and the balance of the judgment affirmed. The cause is remanded for further proceedings consistent with this opinion.